No. 25,513.

ALBERT BROKMANN, by his Next Friend and Father, FRED BROK-MANN, *Appellant*, v. L. LAWSON, *Appellee*.

### SYLLABUS BY THE COURT.

ASSAULT AND BATTERY—*Action for Damages—Verdict for Plaintiff—Motion for New Trial Granted as to All Issues—Not Error.* Where, in an action for damages caused by an assault and battery, a verdict is rendered for the plaintiff and a new trial is granted as to all issues because of an erroneous instruction and because of the amount of the verdict, the order will not be modified so as to compel a new trial as to the amount of damages only, where it does not appear that the court abused its discretion in granting the new trial as to all issues in the action.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed January 10, 1925. Affirmed.

*F. B. Dodds,* of Lawrence, for the appellant.
*R. E. Melvin,* and *George K. Melvin,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages caused by an assault and battery committed on him by the defendant. Judgment was rendered in favor of the defendant, and plaintiff appeals.

There have been two trials. On the first trial, the jury returned a verdict in favor of the plaintiff for $100, $75 actual damages and $25 punitive damages. The plaintiff and the defendant each filed a motion for a new trial. Plaintiff's motion alleged erroneous rulings of the court, erroneous instructions given by the court, misconduct of counsel for the defendant, and that the verdict was contrary to law and the evidence in that it was inadequate. The record re-cites that—

"The court having heard the arguments of counsel representing both parties, and being duly advised in the premises, finds that said motion for new trial so filed with [by] the plaintiff should be sustained, and it is by the court so ordered."

Subsequently the case was again tried, which resulted in a verdict in favor of the defendant, and judgment was rendered accordingly.

The plaintiff argues that the court committed error in granting a new trial on all the issues, and that a new trial should have been granted only as to the amount of damages sustained by the plaintiff, for the reason that the only matter urged in support of his motion for a new trial was the amount of the verdict. The record of the court in granting the new trial has already been quoted. The plaintiff's abstract contains the following:

"In due time said motion [of plaintiff] for a new trial was argued to the court, and on August 4, 1923, said motion for a new trial was by the court sustained, the court stating that the verdict was inadequate and not commensurate with the damage done, if any was done at all, and that in his opinion instruction No. 16 was erroneous, and that this might have had its effect in the jury's arriving at the amount of damage that they did, and for that reason he would grant a new trial, otherwise he would be inclined to give the defendant the privilege of accepting a verdict for a larger amount or a new trial."

Instruction No. 16 given at the trial was as follows:

"16. In assessing the amount of damage that the plaintiff has sustained, if any, you may and should take into consideration what was done by the plaintiff or by his parents immediately after the discovery of the fact that he was injured, with reference to securing medical aid and effecting a cure of the injury or a reduction in the injury by such treatment. The duty would be upon the parents of this boy, and if you find that he is in possession of all his faculties and was of sufficient age to act for himself, to secure prompt and as efficient aid as is consistent under the circumstances to effect a cure, if one is possible, or to reduce the amount of damage that may have resulted from the injury that was inflicted. In assembling the damage, if you assess any, what was done, or what the parties failed to do that they should have done, may be taken into consideration in mitigation of damage, if you think they are entitled to it."

Instruction No. 16 was erroneous. The plaintiff was not responsible for the neglect of his parents to take such steps as might have been necessary to mitigate the damages caused by the defendant. If the plaintiff did all he could to mitigate the damages sustained by him, then the defendant was responsible for the remainder, if he were liable at all. The court was justified in setting aside the verdict and granting a new trial because of the error in the instruction, and he was justified in setting aside the verdict and granting a new trial because of the amount of the verdict.

Section 60-3004 of the Revised Statutes contemplates that a new trial may be granted as to one or more issues and refused as to others, but this court has often said that trial courts are invested

with very large and extended discretion in the granting of new trials. (*Atyeo v. Kelsey*, 13 Kan. 212, 217; *City of Sedan v. Church*, 29 Kan. 190; *Barney v. Dudley*, 40 Kan. 247, 19 Pac. 550; *Betz v. Land Co.*, 46 Kan. 45, 46, 26 Pac. 456; *Express Co. v. Foley*, 46 Kan. 457, 464, 26 Pac. 665; *A. T. & S. F. Rld. Co. v. Brown*, 51 Kan. 6, 8, 32 Pac. 630; and *Insurance Co. v. Evans*, 64 Kan. 770, 772, 68 Pac. 623.) If a trial court has discretion in granting new trials, it follows that the court has like discretion in determining whether the new trial shall be granted as to only part of the issues. The court in passing on the motion for a new trial expressed its dissatisfaction with the verdict of the jury.

In *Klopfenstein v. Traction Co.*, 109 Kan. 351, 354, 198 Pac. 930, this court said:

"By a wilderness of decisions covering half a century, the rule is settled in this state that ordinarily the trial court, when dissatisfied with a verdict, is in duty bound to set it aside."

When the new trial was granted, it was the duty of the court to determine what issues should be tried, and his determination of that question will not be reversed in this court unless there was an abuse of discretion in granting a new trial as to all issues. No abuse is shown.

The plaintiff cites *Bracken v. Champlin*, 114 Kan. 882, 220 Pac. 1027, where this court reversed a judgment and remanded the case to the district court with directions to ascertain the amount of damages sustained by the plaintiff; but on a motion for a modification of the judgment, this court ordered that the case be remanded for a new trial as to all issues.

No error has been shown; the judgment is affirmed.