No. 25,730.

P. P. FRIESEN, *Appellant*, v. THE WESTERN GRAIN DEALERS MUTUAL FIRE INSURANCE COMPANY and A. F. KOCH, *Appellees.*

SYLLABUS BY THE COURT.

NEW TRIAL—*Partial New Trial—Damages Only—Inseparable Issues.* Although the trial court is dissatisfied with the general verdict and the findings of the jury in an action in which both the plaintiff and the defendants seek recovery of damages sustained in an automobile collision, a judgment for one dollar, based on the general verdict, will not be reversed where the plaintiff asks for a new trial as to the amount of damages only, the question being so intimately connected with the other issues that it cannot be separated therefrom and be tried alone; where the defendants ask for judgment on the special findings of the jury, which findings do not warrant such a judgment; and where all parties object to a complete new trial and prefer in lieu thereof a judgment on the general verdict.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed November 7, 1925. Affirmed.

*Carr W. Taylor,* of Hutchinson, for the appellant.

*A. C. Malloy, R. C. Davis* and *Warren H. White,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to recover from the defendants damages caused by an automobile collision. Each of the defendants seeks to recover from the plaintiff damages caused by the same collision. Judgment was rendered on a general verdict in favor of the plaintiff for one dollar. The plaintiff appeals from an order denying his motion for a new trial on the amount of damages awarded only. The defendants appeal from a denial of their motion for judgment in their favor notwithstanding the verdict.

---

New Trial, 29 Cyc. pp. 733, 921; L. R. A. 1915E, 239; 20 R. C. L. 223 *et seq.*

Special questions were submitted to the jury, which were answered as follows:

"1. Did the defendant, A. F. Koch, know that the Medora road, where the collision occurred, was a public highway travelled frequently by vehicles? A. Yes.

"2. How far south of the intersection of said highway where the collision occurred could the defendant A. F. Koch have seen the plaintiff's automobile approaching said intersection from the west if he had looked? A. About one-fourth mile.

"3. Was Friesen's car struck by the car driven by the defendant A. F. Koch on the east side of said highway intersection? A. We don't know.

"4. Did the front end of the automobile driven by the defendant A. F. Koch strike the right rear end of the automobile driven by the plaintiff? A. Yes.

"5. Did the defendant A. F. Koch look to the west as he approached the intersection of the Medora road with the Plum street road to see if anyone was approaching from the west? A. We don't know.

"6. If you answer the preceding questions in the affirmative state how close to the pavement A. F. Koch was when he first looked to the west. A. We don't know.

"7. How fast was A. F. Koch driving as he approached the intersection of the Medora road and the Plum street road? A. We don't know.

"8. Did the plaintiff Friesen arrive at the intersection of the Plum street and Medora roads in advance of the defendant A. F. Koch? A. We don't know.

"9. At what rate of speed was the defendant Friesen traveling at the time of the accident? A. We don't know [evidence shows from 15 to 40 miles per hour].

"10. At what rate of speed was the defendant Koch traveling? A. We don't know [evidence shows from 8 to 35 miles per hour.]

"11. How far did the plaintiff Friesen's car move beyond the point of collision? A. Between 65 to 75 feet.

"12. How far did the defendant Koch's car travel after the collision? A. We don't know.

"13. State what you find the condition of Plum street to have been just south of its intersection with the Medora road at the time of the accident. A. We don't know.

"14. On which side of the Medora road at its intersection with Plum street did the collision take place? A. Center.

"15. Did the plaintiff Friesen know that Plum street at the intersection with the Medora paved road was a main traveled highway? A. Yes.

"16. If the plaintiff Friesen had exercised ordinary care and caution at the time and place in question would the accident have been avoided? A. We don't know.

"17. If you find that the defendant Koch was negligent, state what that negligence consisted of. A. Didn't look in time.

"18. Was the speed at which the plaintiff was traveling one of the proximate causes of the accident. A. We don't know."

The record of the judgment, among other things, recites:

"Thereafter, and on the 26th day of November, 1923, this cause comes on to be heard on a motion for a new trial of the question of plaintiff's damage only, and upon the defendant's motion for judgment *non obstante veridicto,* all parties being represented by their respective attorneys, the same as heretofore stated, all parties having in open court objected to the granting of a new trial as to all of the issues, the court, after due consideration, finds and decides as follows:

"I do not approve of either the special findings or the verdict of the jury in this cause. Both the verdict and special findings are the result of the jury not following the instructions given them. I am convinced, after hearing the evidence, that the jury would not have made the special findings which they made except upon the theory and by reason of the fact that they were rendering a judgment of only one dollar and requiring the insurance company to pay the costs. In view of all the circumstances, the issues are not separable and justice will require the trial of all of the issues in this case or none at all. The special findings are not sufficient to render judgment in any amount except in conformity with the general verdict. If a motion for new trial had been filed by either party I would have sustained the same; but inasmuch as all parties object to a new trial of all of the issues and would prefer that in lieu thereof the judgment remain as found by the general verdict of the jury, I am overruling the motions of the respective parties and rendering judgment for one dollar and costs in favor of the plaintiff."

This court is asked by the plaintiff to direct a new trial as to the amount of damage sustained by him, and is asked by the defendants to render judgment in their favor on the answer to the special questions. No other question is argued by either party.

Section 60-3004 of the Revised Statutes reads in part:

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial, the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part, and the new trial shall be only of the issues as to which the verdict or decision appears to be wrong, when such issues are separable."

In 20 R. C. L. 223 this language is found:

"The new trial may be limited to a single point, to a single issue, or a particular question, or even to a part of the demand sued for, without reopening the whole case. . . . The power of the trial court to grant a new trial on the issue of damages only, where that issue is distinct and separable from the other issues, has also been upheld. While damages and the other issues in a case are usually so blended and interwoven that the instances are comparatively rare in which the question of damages alone may be submitted to a jury, nevertheless where the court is convinced upon a review of the whole case that the jury have settled the issue of liability fairly and upon sufficient evidence, so that dissociated from other questions it ought to stand

as the final adjudication of the rights of the parties, and that there has been such gross error in the determination of damages as requires the setting aside of the verdict, it has the power to do so, and confine a new trial to damages alone, although this cuts off some evidence which, if introduced on other issues, might mitigate damages, where all such evidence is admissible on the issue as to damages. It is, however, a power which ought to be exercised with great caution, with a careful regard to the rights of both parties, and only in those infrequent cases where it is certain and plain that the error which has crept into one element of the verdict by no means can have affected its other elements."

In *Brokmann v. Lawson,* 117 Kan. 386, 387, 388, 232 Pac. 601, this court said:

"Section 60-3004 of the Revised Statutes contemplates that a new trial may be granted as to one or more issues and refused as to others, but this court has often said that trial courts are invested with very large and extended discretion in the granting of new trials. . . . If a trial court has discretion in granting new trials, it follows that the court has like discretion in determining whether the new trial shall be granted as to only part of the issues. . . . When the new trial was granted it was the duty of the court to determine what issues should be tried, and his determination of that question will not be reversed in this court unless there was an abuse of discretion in granting a new trial as to all issues."

The evidence abstracted and the answers to the special questions disclose that the amount of damage sustained by the plaintiff is so intimately connected with other questions in the case that the amount of damage sustained by him cannot be tried separately and a just conclusion be reached. There is nothing to show that the trial court abused its discretion in refusing to grant a new trial on the question of damages alone.

There was nothing in the answers to the special questions to justify judgment in favor of the defendants.

A complete new trial should have been granted, but the plaintiff objected to a new trial except as to a part of the issues, the defendants objected to a new trial as to all of the issues, and each preferred that the verdict stand as rendered by the jury rather than have a new trial as to all issues. Neither party now asks for a new trial. Each desires to meet his antagonist so bound that he cannot resist. Either party could have had a complete new trial if he had wanted it. No one asked for it; no one is now asking for it. Under the circumstances, the parties should not be compelled to try this case again. If they want to stop this lawsuit where it is, the court should not interfere.

Friesen v. Western Grain Dealers Ins. Co.

The statement of the trial court that "all parties object to a new trial of all the issues and would prefer that in lieu thereof, the judgment remain as found by the general verdict of the jury" must be taken as a correct statement of the attitude of the parties based upon all the proceedings (a part of which may not appear in the record), and not a mere inference from the fact that neither filed a motion for a complete new trial.

It is often said that the trial court should never render judgment upon a verdict which does not meet the independent approval of the judge. This rule, however, has been held not to apply except where the verdict is attacked by a party who has placed himself in a position to demand the independent opinion of the judge as a matter of right. (*Railway Co. v. Osborn,* 79 Kan. 348, 100 Pac. 473.) That situation does not arise where both parties express a preference for the judgment as it stands rather than a full new trial.

The judgment is affirmed.

HARVEY, J. (dissenting): I am satisfied with the opinion as written if it is to be decided upon the questions argued upon this appeal. I would prefer, however, to decide the case otherwise, and for this reason: The trial court, in ruling upon the motions, stated in substance that he was not satisfied with the general verdict nor with the special findings, and that in his judgment the jury had not given proper consideration to the evidence nor to the instructions of the court. When a judge has that view of a verdict he should set it aside upon his own motion and without regard to what either party requests. A trial court should never enter a judgment which he is thoroughly convinced is wrong. This is not only a power but a duty inherent in a trial court. Though this question is not argued by either of the parties on this appeal, it stands out from the record. I would, therefore, reverse the case with directions that the trial court set aside the judgment, which he regards as clearly erroneous, and permit the parties to have a new trial, or dispose of the case otherwise, as they please.

JOHNSTON, C. J., and HOPKINS, J., concur with HARVEY, J.