No. 33,110

Eugene B. Posey, *Appellant*, v. Everett W. Johnson, *Appellee*.

(67 P. 2d 598)

Opinion filed May 8, 1937.

*A. W. Hershberger, J. B. Patterson* and *P. J. Warnick,* all of Wichita, for the appellant.

*Glenn Porter, Getto McDonald, Dwight S. Wallace* and *William. Tinker,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action for damages based on alleged negligence in diagnosis and treatment of plaintiff by defendant, an eye specialist.

Plaintiff recovered a verdict in the sum of $600 for damages to his right eye and nothing for the left eye. He appeals. He first contends all questions of negligence were settled by the findings of the jury, but the verdict was inadequate, and hence the only issue to be retried was that of damages. Accordingly plaintiff first filed a motion for a new trial on that issue alone. When that motion was denied he filed a motion for a new trial generally, which was likewise denied. Thereupon plaintiff filed a supplemental motion for a new

trial in which it was asserted the special findings were inconsistent with the general verdict and the verdict was inadequate. The last motion was also denied. The overruling of these motions forms the basis of plaintiff's appeal. The jury found the eye ailment was glaucoma. This disease of the eye is commonly known as a hardening of the eyeball. In view of the issues presented on appeal, it is deemed unnecessary to discuss the characteristics of this ailment.

We shall first consider plaintiff's contention the trial court should have sustained his motion for a new trial on the question of damages only. Negligence and damages are, of course, separable issues. (*Paul v. Western Distributing Co.*, 142 Kan. 816, 52 P. 2d 379, and citations.) G. S. 1935, 60-3004, provides for the possibility of a separate trial on the issue of damages alone when negligence has been established. It does not follow that a separate trial on the issue of damages alone should always be allowed. There are numerous circumstances where a trial on that single issue would prove highly unjust to a defendant. (*Paul v. Western Distributing Co.*, supra.) It is the duty of the trial court to exercise its sound discretion in that particular. In *Brokmann v. Lawson*, 117 Kan. 386, 232 Pac. 601, it was said:

"If a trial court has discretion in granting new trials, it follows that the court has like discretion in determining whether the new trial shall be granted as to only part of the issues." (p. 388.)

In the Paul case it was remarked:

"Under a similar situation this court, in the case of *Friesen v. Western Grain Dealers Ins. Co.*, 119 Kan. 513, 240 Pac. 414, said: 'The evidence abstracted and the answers to the special questions disclose that the amount of damage sustained by the plaintiff is so intimately connected with other questions in the case that the amount of damage sustained by him cannot be tried separately and a just conclusion be reached. There is nothing to show that the trial court abused its discretion in refusing to grant a new trial on the question of damages alone.' (p. 516.)" (p. 826.)

In the instant case the jury made findings of fact. It is not contended they were unsupported by substantial evidence. They will be set out later. Upon a careful examination of the entire record, including the special findings of the jury which will be noted presently, we are of the opinion the amount of damages sustained is closely related to other questions and that the trial court committed no error in refusing to grant a new trial on the issue of damages alone.

What about the orders overruling the motions for a new trial on

all issues?  We frankly concede that on the record before us this question is not free from difficulty.  Plaintiff was fifty-seven years of age.  He had a life expectancy of about sixteen years.  He was employed as a marshal at Clearwater, with a minimum salary of $80 per month, plus $1 for each arrest.  Doctor Brownell, mentioned in the findings of the jury, was the doctor by whom plaintiff was treated after he discontinued the services of defendant.  The findings read:

"1. Do you find that the glaucoma in the right eye of the plaintiff has been arrested by the operation of Doctor Brownell?  A. Yes, for a time.

"2. Do you find that the glaucoma in the right eye of the plaintiff has continued active since said operation?  A. Yes.

"3. Do you find that the loss of sight in the right eye of plaintiff has been arrested by the operation of Doctor Brownell?  A. Yes, for a time.

"4. Do you find that the plaintiff had lost any of the vision in his left eye at the time he first consulted Doctor Johnson?  A. Yes.

"5. If you answer question No. 4 in the affirmative, then state what portion of vision plaintiff had lost at said time.  A. One half or more.

"6. If you answer question No. 4 in the affirmative, then state whether the loss of such vision was caused by—

"(a) Glaucoma.  A. Yes.

"(b) Retinal hemorrhage.  A.

"7. If you answer question No. 4 in the affirmative, state whether any different diagnosis and treatment by Doctor Johnson would have saved such vision in plaintiff's left eye and for what length of time.  A. Don't know.

"8. If you find that the plaintiff had a loss of a part of the vision of the right eye prior to March 4, 1935, when did that first occur?  A. Prior to October, 1933.

"9. Do you find that Doctor Johnson was consulted by the plaintiff for examination and treatment of the right eye of the plaintiff?  A. Yes.

"10. If you answer question No. 9 in the affirmative, then state when that was.  A. February 26, 1934.

"11. What was the test of vision in plaintiff's right eye on the 4th day of March, 1935?  A. One fourth plus vision.

"12. What was the test of vision in plaintiff's right eye on the 12th day of July, 1935?  A. One fourth minus vision.

"13. If you find for the plaintiff, how much do you allow—

"(a) For damage to the right eye?  A. $600.

"(b) For damage to the left eye?  A. None."

Findings seven and thirteen (b) absolve defendant of negligence insofar as diagnosis and treatment of the left eye are concerned.  The contention of plaintiff was that Doctor Brownell was successful in his diagnosis and treatment of plaintiff.  Special finding number two indicates that glaucoma has continued to be active in the right eye since Doctor Brownell's operation.  Findings one and three indicate

glaucoma and loss of sight in the right eye have been arrested, but only for a time. It is, therefore, fair to assume the jury believed if the diagnosis, operation and treatment of plaintiff by Doctor Johnson had all been proper, plaintiff's vision could have been saved for a time only. For just how much longer his vision would or could have been saved by proper diagnosis and care is not disclosed by the findings. No request was made to have the jury make the answer definite in that particular. Nor do we find evidence in the record to support a definite answer in that regard. It cannot be said the verdict was contrary to the evidence. There is no contention the small verdict was rendered under the influence of prejudice or passion. While most of the statutory grounds were included in the general motion for a new trial, none is urged here. The argument here is based mainly on the supplemental motion for a new trial. The grounds of that motion were that the special findings were inconsistent with the general verdict and the damages found by the jury were wholly inadequate. The trial court analyzed the findings and, in our judgment, correctly held they were not inconsistent with the general verdict. This left the sole question of whether the trial court would approve or disapprove the small verdict. It has always been the rule that if a trial judge permits the verdict to stand he must approve it upon his own independent judgment and not upon that of the jurors. (*K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kan. 1, 30 Pac. 108; *Butler v. Milner*, 101 Kan. 264, 166 Pac. 478; *Shore v. Shore*, 111 Kan. 101, 205 Pac. 1027; *State v. Frey*, 111 Kan. 798, 208 Pac. 574; *Stroup v. Northeast Oklahoma Rld. Co.*, 122 Kan. 587, 253 Pac. 242; *Kansas Wheat Growers Ass'n v. Rinkel*, 126 Kan. 733, 271 Pac. 311; *Jones v. Prather*, 136 Kan. 335, 15 P. 2d 403; *Ward v. Grant*, 138 Kan. 363, 26 P. 2d 279.) If that were not the rule there would be no purpose in the wholesome requirement that in order for a verdict to stand it must not only have the approval of the jury but also the approval of the trial court.

Plaintiff contends that although the trial judge overruled the various motions for a new trial, his remarks clearly indicate he did not approve this verdict. Plaintiff urges the trial court was controlled by the jury and not by his own independent judgment. The remarks of the trial court referred to by plaintiff are:

"While it seems to the court that the $600 allowed by the jury is a small amount, the court does not feel that it should substitute its judgment for that of the jury."

This remark tends to indicate the verdict according to the judgment of the trial court seemed insufficient. At any rate it is subject to that interpretation. If that was the judgment of the trial court, it was its positive duty to set it aside and promptly grant a new trial. If the trial court could not in good conscience and sound judgment approve the verdict of the jury, it was its imperative judicial duty to grant a new trial. (*State v. Frey,* supra, and citations.) The trial court saw the witnesses and heard them testify. This court is deprived of that advantage. Before we reverse the trial court on so important a responsibility we are entitled to know definitely, in fairness to all concerned, whether the verdict actually had the approval of the independent judgment of that court. The remarks quoted leave this court in doubt as to whether the verdict had that approval. In fairness to the trial court it must be noted that the court, after analyzing the special findings, made another remark prior to the one quoted. It reads:

"Doctor Brownell testified that in spite of the best treatment for glaucoma sometimes patients continued to go blind, and in the light of the entire record in this case, the court is not in a position to say that the jury did not allow the proper measure of damages for the loss of a portion of the sight of the right eye."

The last statement does not completely remove the intimation contained in the former. We are not unmindful of the fact the trial court was confronted with a grave responsibility in this case. That is frequently true on motions for new trial. This court, however, is entitled to know without being obliged to resort to speculation whether a verdict has the approval of the trial court. In *State v. Frey,* supra, is found the following apt statement:

"In *Butler v. Milner,* 101 Kan. 264, 166 Pac. 478, Mr. Justice Porter, speaking for this court in pointed language which should address itself weightily to the consciences of all trial judges, said: 'The sole function of the jury is to return a verdict, but the matter does not rest there; before a judgment can be rightly entered upon the verdict the judge of the court must exercise a judicial function and approve or disapprove the verdict. It cannot be doubted that frequently miscarriages of justice would be avoided by a more vigorous exercise of the trial court's discretion in granting new trials. And it is doubtful if a weightier responsibility rests upon the judge of the district court than the proper exercise of this part of his judicial functions. At every session we affirm judgments which do not accord with our views of justice as presented by the printed record, but solely because we are obliged to assume that the trial judge, in refusing to grant a new trial, has added to the verdict of the jury the weight of his approval, after a full opportunity to see and hear the witnesses, which this court cannot have.' (p. 266.)" (p. 802.)

In *Butler v. Milner*, supra, it was held:

"Where a motion for a new trial is filed on the ground that the verdict and findings are contrary to the evidence, and the trial judge, in overruling the motion, makes a statement from which this court is doubtful whether he intended to give his approval to the verdict, or overruled the motion and rendered judgment on the verdict and findings because they were sustained by some positive evidence, *held,* the judgment should be reversed and the cause remanded with directions that a new trial be granted, unless the trial judge shall make a finding that he approves the verdict, and in case the verdict is approved, the judgment will be affirmed." (Syl.)

So, in the instant case, we think the judgment should be reversed and the cause remanded with directions that a new trial be granted on all the issues, unless the trial court shall make a finding that it approves the verdict. In the event the verdict is approved, the judgment will be affirmed. It is so ordered.