No. 35,168

The State of Kansas, *Appellant,* v. Roy W. Miller, *Appellee.*

(118 P. 2d 561)

Opinion filed November 8, 1941.

*J. S. Parker,* attorney-general, *A. B. Mitchell,* assistant attorney general, *E. W. Stuewe,* of Alma, and *Otho W. Lomax,* of Topeka, for the appellant.

*C. E. Carroll* and *A. E. Carroll,* both of Alma, for the appellee.

The opinion of the court was delivered by

Wedell, J.: Defendant was convicted of negligent homicide pursuant to G. S. 1939 Supp. 8-529, which renders the driver of a vehicle guilty of negligent homicide when the death of any person ensues within one year as a proximate result of injury received by the driving of the vehicle in negligent disregard of the safety of others. The defendant was granted a new trial. The state appeals from the order granting a new trial and also attempts to obtain a review of rulings excluding evidence on cross-examination of the defendant and evidence offered in direct examination of one of its witnesses.

It will be observed defendant was convicted notwithstanding the

exclusion of the evidence the state sought to introduce. No prejudice of any substantial right was therefore suffered by the state in the course of the trial. In other words, in view of the conviction, there was no trial error from which the state could appeal. No questions pertaining to the rulings on evidence were reserved by the state. If reversible error resulted from which the state can appeal it must be found not in rulings made during the trial, but in the order granting a new trial.

The state (appellant) insists the ground upon which a new trial was granted on defendant's motion was the conduct of counsel for the state which was alleged to be prejudicial to defendant. This point pertains to certain questions which the state asked defendant on cross-examination and to questions the state asked one of its witnesses on direct examination, to all of which objections of the defendant were sustained on the ground the testimony was not competent and was highly prejudicial.

Two hearings were had on the motion for a new trial. From remarks of the trial court at the first hearing, it appears the court was inclined to grant the new trial solely on the ground defendant's rights were prejudiced by the attempt of the state to get before the jury testimony which the court regarded as prejudicial. In fairness to the trial court, however, it should also be said that the trial court, on the first hearing of the motion, expressed some surprise at the verdict of conviction. One of the things which also troubled the court was the fact that one of the lights on the car of the deceased was not operating at the time of the collision. The hearing on the motion for a new trial was continued by reason of the illness of one of the state's attorneys. On the final hearing the trial judge did not limit the grounds for granting a new trial to the grounds specifically mentioned at the first hearing. He again mentioned those grounds but granted a new trial for the reason that in considering the record as a whole, together with the grounds previously mentioned, he simply could not become convinced defendant had received a fair trial, and therefore could not approve the verdict. Under such circumstances it was not only the court's right but it became its duty to grant a new trial. (*Butler v. Milner*, 101 Kan. 264, 166 Pac. 478; *State v. Frey*, 111 Kan. 798, 208 Pac. 574; *Posey v. Johnson*, 145 Kan. 742, 746, 67 P. 2d 598; *Atkinson v. Wiard*, 153 Kan. 96, 109 P. 2d 160.) It has always been the rule that the verdict of the jury must be approved by the trial judge upon his own independent judg-

ment and not upon the judgment of the jurors. (*Posey v. Johnson,* supra.)

Upon the last hearing upon the motion for a new trial the state offered some testimony in support of its good faith in asking certain questions of the defendant on cross-examination. For present purposes the good faith of counsel may be conceded. The court was of the opinion defendant's rights had been prejudiced. That conclusion was based not only upon the particular questions asked by the state, but upon a consideration of the record as a whole. From an examination of the record, including the showing of the state on motion for a new trial, we cannot say the trial court erred in granting a new trial. The order granting a new trial must, therefore, be affirmed. It is so ordered.