No. 38,234

JOHN H. PARKER, *Appellee,* v. HENRY J. ALLEN, *Appellant.*

(233 P. 2d 514)

Opinion filed July 3, 1951.

*LaRue Royce,* of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Royce* and *H. G. Engleman,* all of Salina, were with him on the briefs for the appellant.

*W. S. Norris,* of Salina, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J: Plaintiff brought this action against the defendant to recover damages sustained to his tractor and semitrailer, used in the operation of his business in transporting gasoline, and for the loss of the use thereof as the result of a collision between such vehicles and defendant's automobile at the junction of two public highways. A verdict was returned in plaintiff's favor for the sum of $200. On his motion for a new trial this verdict was set aside and a new trial was ordered, limited to the amount of damages plaintiff had sustained. The defendant appeals from that ruling.

About one o'clock a. m. on May 18, 1943, a tractor and semitrailer, hereinafter referred to as a gasoline transport truck, owned by the plaintiff and operated by his agent, and a Ford (Roadster) automobile, owned and operated by the defendant, collided at the junction of U. S. Highway 81 and a public highway running

south out of Salina, referred to in plaintiff's petition as the Ninth Street extension. The highway last described joins Highway 81 some distance south of Salina and traffic thereon approaching the junction of the two highways is required to stop before entering the intersection. Just prior to the hour above noted plaintiff's gasoline transport was approaching the intersection from the south on Highway 81. Defendant, driving his own car, was approaching the intersection from the north on the Ninth Street extension. The two vehicles collided in the intersection. Thereafter plaintiff brought this action against defendant for $4,823.01 damages which he alleged he had sustained by reason of defendant's negligence in entering the intersection. Defendant answered the petition by denying each and all of its allegations and by charging (1) that if plaintiff had sustained damage as a result of negligence, the plaintiff and his agent, then operating the gasoline transport, were guilty of negligence which contributed to and caused the collision and any damages sustained by the plaintiff as a result thereof and (2) that if the collision was not caused by the negligence of the plaintiff and his agent, who was then driving the gasoline transport in the course of his employment, or the negligence of the plaintiff and his agent did not contribute to such collision and resulting damages, then such collision and any resulting damage was an accident for which defendant was not liable. The plaintiff's reply to this answer was a general denial.

With issues joined as above related the cause was submitted to a jury, upon evidence adduced by the parties and under instructions of the court, which returned a general verdict in favor of the plaintiff for the nominal sum heretofore indicated together with answers to special questions submitted by the trial court along with the general verdict. Thereafter, the plaintiff filed a motion for a new trial as to the amount of damages only and, in the event it was not sustained, his motion for a new trial generally. Subsequently, and after argument by counsel for the parties, the trial court sustained the motion for a new trial as to the amount of damages, set aside the general verdict as to amount only, approved it in all other respects, and granted plaintiff a new trial limited to the single issue of the amount of damages sustained. Thereupon defendant perfected this appeal wherein he now claims the trial court if dissatisfied with the verdict should have granted a new trial generally and erred in granting a new trial limited to the issue of damages only.

The instant appeal is unusual in that it appears from the record there is little if any controversy regarding the fundamental principles of law applicable to its decision. The parties concede that the statute G. S. 1949, 60-3004 authorizes the granting of a new trial on specific issues when the issues involved on the trial of the case are separable. They agree there are many decisions to be found in our reports wherein the issue of the amount of damage recoverable in an action has been held to be separable and warranted the trial court in granting a new trial on that issue alone, others holding the trial court did not err in refusing to grant a new trial on that issue only, and still others overruling the action of a trial court in sustaining a new trial on such issue and sending the case back for a new trial generally. They also admit that under our decisions (See e. g., *Paul v. Western Distributing Co.*, 142 Kan. 816, 52 P. 2d 379; *Brokmann v. Lawson*, 117 Kan. 386, 388, 232 Pac. 601) action of a trial court in granting or in denying a new trial as to only one of the issues involved in the case rests in its judicial discretion and that its decision with respect thereto will not be disturbed by this court on appellate review unless, upon examination of the entire record, it concludes there has been an abuse of that discretion.

Appellant does not seriously contend the trial court would have erred if it had granted a new trial generally. Therefore, in view of the foregoing concessions it is clear the only question we are here called upon to decide is whether it erred in limiting the scope of the new trial as granted to the issue of damages only. That question, as we have heretofore indicated, cannot be resolved in favor of appellant unless our review of the entire record convinces us the trial court abused its discretion.

In their brief diligent counsel for the parties cite and rely on numerous decisions as supporting their respective positions. They have been read and given careful consideration. We have found them helpful in that they establish the general principles of law applicable to the determination of an issue such as is here involved but of little benefit as legal precedents because the facts on which they were decided, which we pause to note are always of primary importance in determining questions relating to abuse of discretion, are entirely different from those prevailing in the case at bar. For that reason it would serve no useful purpose to labor such decisions and we shall not do so.

Nor do we believe it would be of benefit to the bench and bar, or add anything to the body of our law, to detail the factual situation disclosed by a lengthy and somewhat confusing record. Briefly summarized that record, supplemented by our conclusions as to its force and effect, discloses: (1) The action is to recover damages resulting from a collision of two motor vehicles at an intersection of two public highways. (2) A spirited trial at which both parties introduced evidence which, if believed and given full faith and credit by the jury under a proper understanding of the issues involved, would have upheld either a verdict in favor of appellant for far more than the nominal sum returned by the jury or a verdict against the appellee on grounds of contributory negligence. (3) A verdict for only $200 which, if the jury had believed appellant's negligence was the sole and proximate cause of the collision, was ridiculously small and wholly unwarranted because, as appellee alleges and appellant does not deny, the evidence established that as a result of the collision appellee had expended $1,759.93 for repairs on his tractor, $281.31 for a motor block for such tractor, $92.50 for replacement of tires, $730.51 for damages to his trailer and tank, $1,500 for loss of use of the tractor and trailer during the time required for the repairing of same, and $250 for other damages sustained, making a total of $4,688.24. (4) Answers by the jury to special interrogatories which, conceding they were not challenged in the court below, when carefully analyzed make it clearly appear the jury either did not understand the questions or was deliberately attempting to answer them in such a manner as to avoid conflict with the finding inherent in its general verdict that appellant's negligence was the legal cause of the collision and that appellee was not guilty of any negligence contributing thereto. (5) Other facts which, when considered with those heretofore mentioned, lead to the over-all conclusion that under all the existing conditions and circumstances the amount of damages sustained by the appellant as a result of the collision are so closely related to and intimately connected with other questions in the case that to limit a new trial to that single issue would prove highly unjust to appellant and result in depriving him of the fair and impartial trial to which he is entitled under our statute.

When proper consideration is given to all the matters to which we have heretofore referred we are convinced the instant case is not one where the "issues are separable" within the meaning of

that term as used in G. S. 1949, 60-3004, that the trial court erred in concluding they were, and that the entire verdict should have been set aside and a new trial granted as to all issues in the case. It necessarily follows the district court should be and it is hereby directed to set aside the verdict in its entirety and grant a new trial as to all issues.

SMITH and WERTZ, JJ., dissenting.