### No. 40,676

Bernard O. Winfough, *Appellant,* v. Tri-State Insurance Company, a Corporation; Emile Truhlar, J. L. Chew and Charlotte Chew, doing business as C & S Well Service Company, a Partnership; Richard Stecklein; Anton J. Klaus, doing business as Anton J. Klaus Truck Service, Hays, Kansas, *Appellees.*

(319 P. 2d 161)

Opinion filed December 7, 1957.

*Stanley Krysl,* of Stockton, argued the cause, and *D. A. Hindman,* of Stockton, and *Arthur C. Hodgson,* of Lyons, were with him on the briefs for the appellant.

*Donald R. Newkirk,* of Wichita argued the cause, and *Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt, Theodore C. Geisert,* and *Philip Kassebaum,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HALL, J.: This is an appeal from an order overruling a motion for new trial.

Appellant specifies as error that the court did not agree with the verdict of the jury and should have granted the plaintiff, appellant herein, a new trial as a matter of law.

The case has been previously before this court (*Winfough v. Tri-State Insurance Co.*, 179 Kan. 525, 297 P. 2d 159) on demurrers to the amended petition.

In due course the case was tried with a general verdict and special questions in favor of appellees (Tri-State Insurance Company, a Corporation; Emile Truhlar; J. L. Chew and Charlotte Chew, doing business as C & S Well Service Company, a Partnership) and against appellant. Appellant filed post trial motions to set aside the special findings of the jury and for a new trial. The court overruled the motions.

At the hearing on the motion for a new trial and after oral argument by counsel the court said:

"The Court: This is the case that always presents a serious question to me. To be frank and to lay all the cards on the table, I must say that if I had been sitting as a trier of the facts in this case, I don't think I would have reached the same conclusions that the jury did. *But my feeling in that regard does not go to the point of dissatisfaction which would enable me or compel me to overrule the verdict of the jury.* I feel that there was considerable evidence on both sides of the question, and the jury was the trier of those facts. While I might have reached a different conclusion, and simply because I did reach a different conclusion, for me then to set aside the verdict of the jury seems to me like it would be destroying the jury system or the right to trial by jury. The parties could have tried the case to me, and perhaps the result would have been different, but they didn't see fit to try the case to me, they tried it to the jury; therefore, I must respect the jury's findings if there is a proper basis in the evidence from which the jury could have reached the conclusion they did. I think there was evidence that would justify these findings. To me, they might not have been the greater weight of the evidence, but purely in degree, and the jury is to determine that degree, so I think I would be compelled to overrule the motion to set aside the special findings. I can't say that any of them are contrary to the weight of the evidence, and such being the fact, the motion for new trial should be overruled. It is just one of those cases, as I see it, where occasionally the Court and the jury don't exactly see things alike, but I don't think it is within the province of the Court to force his views upon the jury. Maybe I measure my ideas from my own acts and conduct upon the highway, which possibly this jury would have condemned, and I think it is just one of

those things we must realize and recognize where we have a jury system." (Emphasis ours.)

The remarks of the court are the point at issue in this appeal. Appellant contends that since the trial court did not agree with the verdict rendered by the jury it should have granted a new trial.

This has been a much litigated point of law before this court. The earliest case was *Williams v. Townsend*, 15 Kan. 424 [2nd Ed.]. The court said:

"It is unquestionably the duty of the district court to set aside a verdict and grant a new trial whenever the jury have manifestly mistaken the evidence. And the district courts cannot shirk their responsibility by saying that the jury are the exclusive judges of all questions of fact; for, while this is true as long as the jury have the case under their consideration, yet, when the jury have rendered their verdict, then the judge himself becomes the exclusive judge of all questions of fact; and, while he cannot reform the verdict, nor modify it in any particular, nor set it aside, if it is sustained by sufficient evidence, yet, if the verdict is manifestly erroneous, he should always set it aside, and grant a new trial; and he should be controlled by his own judgment in the case, and not by that of the jury." (Syl. 3.)

A few years later Justice Brewer further clarified the rule in *Johnson v. Leggett*, 28 Kan. 422 [2nd Ed.].

". . . We do not understand that it is the duty of the trial court, where a doubtful question of fact exists, to disturb the verdict of the jury simply because its judgment inclines the other way. The case of *Williams v. Townsend*, 15 Kan. *564, carries no such intimation. The jury are the triers of the fact; and while it is sometimes the duty of the district court to interfere, yet, as stated in that case, it is only when they have manifestly mistaken the evidence, and where the verdict is manifestly erroneous. Where the question is absolutely doubtful—where some men would naturally come to one conclusion, and others to the opposite—then the verdict of the jury is conclusive. They *are the triers of the fact, and although the judgment of the court may incline against the verdict of the jury, yet it ought not to interfere. Its duty of interference arises only when the jury have manifestly mistaken the testimony, when the verdict is manifestly against the evidence. Then, as we have repeatedly said, it is its duty to interfere; and if it sustains the verdict, we take it in this court, no matter how weak the testimony seems to be, as reduced to writing and incorporated in the record, that really, as heard by the jury and the court, and compared with the testimony on the other side, and weighed by the apparent credibility of the respective witnesses, it was sufficient to sustain the verdict. . . ." (p. 432.)

There have been numerous cases since these decisions and the results vary according to the application of the general rule of law to the particular statements uttered by the court. (*Lee v. Berming-*

*ham,* 39 Kan. 320, 18 Pac. 218; *Richolson v. Freeman,* 56 Kan. 463, 43 Pac. 772; *K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 30 Pac. 108; *Railroad Co. v. Matthews,* 58 Kan. 447, 49 Pac. 602; *Butler v. Milner,* 101 Kan. 264, 166 Pac. 478; *The State v. Frey,* 111 Kan. 798, 208 Pac. 574; *Stroup v. Northeast Oklahoma Rld. Co.,* 122 Kan. 587, 253 Pac. 242; *State v. Wilson,* 128 Kan. 756, 280 Pac. 769; *Maddy v. Hock,* 134 Kan. 15, 4 P. 2d 408; *Posey v. Johnson,* 145 Kan. 742, 67 P. 2d 598; *West v. Lear,* 167 Kan. 222, 205 P. 2d 910.)

While the circumstances have differed the rule has varied little. In the Stroup case the court said:

"Whatever difference of opinion there may be concerning the proper terms in which to describe the duty of the trial judge in his capacity as what is sometimes called the thirteenth juror, this much is clear—if he is to let the verdict stand he must approve it upon his own judgment and not upon that of the jurors. This does not mean that the decision of the jury is not to weigh with him in making up his mind, but the final decision must be his and not merely the acceptance of theirs. . . ." (p. 593.)

The most recent case (*West v. Lear,* supra) also involved a statement by the court at the time of argument on a motion for new trial.

The statement made by the court in the Lear case was very similar to the one here.

" 'I will have to confess that I was somewhat surprised at your verdict in this case, but as I see it we submitted the question of contributory negligence to the jury and I think the jury must have found that the plaintiff was guilty of contributory negligence. I don't think there was any question about the defendant's negligence, in fact I think I practically instructed the jury that he was negligent, but however slight the plaintiff's negligence was, if it contributed to his injury and damage, of course he would be barred.

" 'Well, the jury evidently took somewhat seriously Mr. Ramsey's testimony. I think you could probably find in his testimony some contributory negligence on the part of the plaintiff, and for me now to say there wasn't sufficient evidence of contributory negligence to uphold the verdict, would seem to me like to be taking from the jury their right to determine that question. I don't think this Court ought to say there was no evidence of contributory negligence in this case. I think the Court could say that there is no doubt but what the defendant was negligent, but for the Court to submit to the jury the question of contributory negligence and then now to say that there was no contributory negligence shown seems to me like it would be at least contradictory, and I wouldn't want to say there was no contributory negligence shown in this case, even though my own opinion is it was rather slight. The jury passed on it. *I'll let the verdict stand.* Motion for New Trial overruled.' " (p. 226.) (Emphasis ours.)

In affirming the judgment the court said:

". . . the trial court did thereupon approve the verdict as indicated by the last paragraph of the journal entry of judgment, which provides:

'And now, on this 9th day of April, 1948, the above cause comes on for hearing on plaintiff's motion for new trial. The court, having listened to argument of counsel and being fully advised in the premises, *finds that said verdict should be approved* and that plaintiff's motion for new trial should be overruled.' (Emphasis supplied.)

"We fail to find any merit in appellant's contention that the foregoing statement by the trial judge, particularly in view of the final order of judgment actually made by him, amounted to a failure on the part of the trial court to approve this jury verdict. On the contrary the trial court did, in so many words, state that the verdict *should be approved*." (p. 227.)

The statement made by the court in the case here constitutes a far stronger, independent expression of approval of the jury's verdict than in the Lear case. In the Lear case the court expressed surprise and opined contrary to the jury's finding on the issue of contributory negligence. However, as stated in the opinion, the court let the verdict stand and bolstered its position by expressly approving the verdict in the journal entry.

In this case the court clearly exercised its independent approval of the verdict when it said:

". . . I must say that if I had been sitting as a trier of the facts in this case, I don't think I would have reached the same conclusions that the jury did. *But my feeling in that regard does not go to the point of dissatisfaction which would enable me or compel me to overrule the verdict of the jury. . . .*" (Emphasis ours.)

While the court here did not expressly approve the verdict in the journal entry as it did in the Lear case, it did enter judgment in accordance with the verdict of the jury.

The remarks of the court show the verdict is not manifestly erroneous and the court approved it upon its own judgment and not upon that of the jurors.

The judgment is affirmed.