THE STATE OF KANSAS v. JOHN MCDONALD.
No. 10619.

1. INFORMATION — *Christian name in, may be amended after plea.* An information may be amended as to a Christian name or initial, with leave of court, after plea and before trial.

2. ——— *indorsing new witness on, not permitted to spring premeditated surprise.* The court ought to require of the prosecuting officer the utmost good faith, and not permit him purposely to spring a suprise upon the defendant by indorsing on the information during the trial the names of witnesses whom he intended beforehand to call in chief; and where leave to indorse is granted under such circumstances it ought to be upon terms as to postponement if requested by the defendant.

3. GENERAL REPUTATION — *cross-examination as to derogatory reports permitted.* It is not generally permissible, after a witness has testified to the fair reputation of the defendant in a particular respect, to cross-examine as to specific acts, doings or offenses of the defendant; but as the general reputation of any person is established by the opinions of witnesses as to the general estimation of his character, it is allowable to call their attention to reports inconsistent with such good reputation, and thus to weaken or qualify the testimony of such witnesses.

4. INSTRUCTION — *refusing better in form than given, may not be error.* Instructions treating of the testimony of an accomplice examined, and *held* that there was no material error in that which was given, although the one requested and refused was in better form.

*Appeal from Sedgwick District Court.*
*Hon. C. Reed, Judge.*

AFFIRMED.                    OPINION FILED DECEMBER 5, 1896.

*Adams & Adams*, for appellant.

*F. B. Dawes*, Attorney General, for the State.

MARTIN, C. J.    I.   On April 13, 1895, the defendant was adjudged guilty of grand larceny by the stealing, on August 19, 1894, of five head of neat cattle and one heifer, being the personal property of F. J. Gran-

field; and he was sentenced to confinement and hard labor in the penitentiary for the term of five years. The information as originally filed September 17, 1894, alleged that the property belonged to S. J. Granfield, and it was so when the defendant entered his plea of not guilty thereto September 21, 1894. The trial resulting in the conviction of the defendant did not commence until January term, 1895. At sometime after the entry of the plea, and before the commencement of this trial (the record not showing the date), the State was allowed to amend the information by changing the name of S. J. Granfield to F. J. Granfield. The defendant claims that this was error, and he cites section 72 of the Criminal Code to support his contention. That section authorizes the amendment of an information before plea, in matter of substance or form, without leave; and in all matters of form, at the discretion of the court on the trial, when the amendment can be made without prejudice to the rights of the defendant. We do not interpret the language of this section as a prohibition against such an amendment of a Christian name or initial with leave of the court and before trial. *The State v. Beatty*, 45 Kan. 492, 496, 498. As it was not shown that a postponement of the trial was necessary by reason of the amendment, we cannot say that any substantial right of the defendant was prejudiced thereby.

1. Name may be amended.

II. During the trial and after the State had introduced the testimony of all the witnesses whose names were indorsed upon the information, leave was asked and granted to indorse the name of William Humphrey, and he was then called and examined as a witness over the objection of the defendant. Humphrey

**2. Prosecutor cannot spring surprise on defendant.** testified that he and the defendant committed the crime ; and on his cross-examination it appeared that the County Attorney had for several days contemplated the calling of Humphrey as a witness for the State. Under these circumstances the trial should have been postponed if the defendant had requested it. The Court ought to require of the prosecuting officer the utmost good faith, and not permit him purposely to spring a surprise upon the defendant. But as no postponement was asked, it cannot be held that the substantial rights of the defendant were prejudicially affected by the ruling of the Court in this particular. *The State v. Price*, 55 Kan. 606, 608.

III. Certain witnesses testified to the former fair reputation of the defendant for honesty and integrity ; and, in cross-examination, they were asked whether they had not heard of the defendant being arrested once before for larceny, and they admitted that they had, although it would seem from their testimony that the case against him was dismissed. **3. Cross-examination as to derogatory reports.** The defendant urges that it was error for the Court to allow this particular circumstance to be brought up against him in cross-examination. It is not generally permissible, after a witness has testified to the fair reputation of a defendant in a particular respect, to cross-examine as to specific acts, doings or offenses of the defendant ; but, as the general reputation of any person is established by the opinions of witnesses as to the general estimation of his character, it is allowable to call their attention to reports inconsistent with such good reputation, and thus to weaken or qualify the testimony of such witnesses ; and on this principle the Court did

not err in the latitude allowed in cross-examination in this respect. 3 Rice, Ev. § 376 and cases cited.

IV. The defendant requested, and the Court refused to give, the following instruction to the jury :

No. 16. "The court instructs the jury that one William Humphrey, who is jointly charged with the defendant John McDonald in the information filed in this case, gave testimony tending to show that he and said McDonald committed the crime charged in the information. Such testimony in law, is known as that of an accomplice, but you are not to convict the defendant John McDonald upon the testimony of said William Humphrey alone, unless his testimony is corroborated by other evidence as to some material fact."

We see no fault in this instruction, and it was in better form than that given upon the same subject by the Court; which, treating of the testimony of an accomplice, said that the law required that it should in some way, by some fact or circumstance, be corroborated to some extent, but that such a corroboration might be a circumstance or fact; that is, may be circumstantial or positive testimony. We think, however, that the meaning of this instruction is not substantially different from the other, and that the defendant was not prejudiced by the refusal of the former and the giving of the latter. See further as to the testimony of an accomplice, *The State v. Kellerman,* 14 Kan. 135, 137, and *The State v. Patterson,* 52 id. 335, 352.

4. Refusing instruction better in form.

These being all the questions urged in the brief of counsel for the defendant, the judgment of the court below will be affirmed.

All the Justices concurring.