No. 27,822.

Seth G. Rowley, as Executor, etc., *Appellant,* v. C. E. Cosens et al.,
                        *Appellees.*

(264 Pac. 1036.)

SYLLABUS BY THE COURT.

1. Trial—*Opening Statement—Statement of What Counsel Thinks Evidence
   Will Show.* In making an opening statement to the jury in a civil action it
   is not improper for counsel to state what he thinks the evidence will show as
   to issues raised by the pleading, although it later develops that the court,
   because of a lack of sufficient evidence on some issues, refuses to submit
   them to the jury.

2. Appeal and Error—*Necessity of Presentation of Question—Competency of
   Witness.* The question of competency of a witness to testify to a transaction
   with a person since deceased must be clearly presented to be available on
   appeal.

3. Limitation of Actions—*Part Payment on Note—Burden of Proof.* In an
   action on a promissory note by the payee's executor, where plaintiff contends
   that a certain payment of money, made by the maker of the note to the
   payee thereof, which the payee had not credited on the note, was in fact a
   payment made to be credited thereon, the burden is on plaintiff to establish
   that fact.

4. Witnesses—*Evidence Affecting Credibility—Discretion of Court.* The ex-
   tent to which evidence may be offered, the sole purpose of which is to show
   the interest of a witness in the result of the action for the bearing it may
   have on his credibility, rests in the sound judicial discretion of the court,
   and *held,* here there was no abuse of that discretion.

Appeal from Linn district court; Charles F. Trinkle, judge. Opinion filed
March 10, 1928. Affirmed.

*John O. Morse,* of Mound City, for the appellant.

*John A. Hall,* of Pleasanton, for the appellees.

The opinion of the court was delivered by

Burch, J.: This is an action on three promissory notes, of the
aggregate face value of $2,200, by the payee's executor against the
makers. The jury returned a verdict for defendants. Plaintiff has
appealed.

The only controverted question submitted to the jury related to
the statute of limitations. The issue was whether any payment had
been made on the notes since October 23, 1920. The notes were

Appeal and Error, 3 C. J. p. 828 n. 74. Limitations of Actions, 37 C. J.
p. 1246 n. 98. Trial, 38 Cyc. p. 1475 n. 12. Witnesses, 40 Cyc. p. 2659 n. 32.

dated October 23, 1919, and were due in one year. Each note contained an indorsement that interest was paid to October 23, 1920. Defendants admitted making that payment. The notes bore a second indorsement which is not in the same wording on each of the notes, but is to the same effect. On one of them it reads:

"Interest again paid to October 23, 1921. These interests are paid in pasture to Fred Cosens, and Fred is to pay me these interests, $132."

Plaintiff had no evidence of payment on that date other than this indorsement, which was in the handwriting of the payee. This memorandum would indicate that payment was not actually made, but that there had been some three-party agreement by which Fred Cosens, a son of defendants, was to pay it. The defendants deny making any payment at that time, or at any time since October 23, 1920, and they and Fred deny that there was any agreement by which Fred was to pay it. It seems quite clear from the evidence that no payment of this item was in fact made by anyone. The jury, therefore, had evidence on which to base their verdict, which, in effect, was that no payment had been made on the notes since October 23, 1920. Since the action was not brought until October 16, 1926, the five-year statute of limitations had run.

The pleadings presented other issues than the statute of limitations. Counsel for defendants, in his opening statement to the jury, spoke of the other defenses and the evidence that would be offered in support of them. Appellant contends this was error. The contention is not sound. The issues were then in the pleadings, and the fact that the court did not regard the evidence sufficient to go to the jury on the other issues did not preclude counsel from stating what he expected to prove concerning them. Especially was that true when counsel stated to the jury that what he was saying was not evidence, and that it would be the duty of the jury to reach their decision from the evidence which the court permitted to be received in the trial of the case.

Appellant contends that the court erred in permitting one of the defendants to testify to the contents of a letter she said she received from the payee of the notes. This point is not well taken for several reasons. It related to an issue that never went to the jury. Then there was no proper objection to this testimony. The witness, previous to the trial, had written from memory what she said was a copy of the letter. When that was offered in evidence the court sustained plaintiff's objection to it. The witness was then asked as to the

contents of the letter received and testified concerning it without objection. Indeed, the most pertinent question on that point was asked by plaintiff on the cross-examination. In the third place, perhaps her testimony was competent under the authority of *Moore v. Miller*, 119 Kan. 666, 240 Pac. 853.

Plaintiff offered evidence that the payee of the note had deposited to his credit in the bank a check of the defendant Nina Cosens for $50. In the reply in this case plaintiff alleged that this $50 had been paid on the notes. It had not been credited by the payee on the notes, and plaintiff had no evidence for what the check was given. Defendants testified they had borrowed from the payee of the notes money to pay taxes, and that $50 was in part payment of the sum borrowed for that purpose. Appellant contends that the witnesses were incompetent to testify to that transaction. Even if that be true, plaintiff's evidence was totally inadequate to show that this payment was made to apply on the notes. The fact that defendants had executed notes to the payee did not prevent them having other business transactions with him, and before plaintiff could sustain the allegations of his reply the burden was on him to show that this payment was made for the purpose of being applied as a credit on the notes. Hence, the error, if any, in receiving the evidence of defendants on this point is of no consequence.

Appellant contends that the court erred in not permitting plaintiff to introduce in evidence a copy of the will of the payee of the notes and an inventory of his estate. This was offered to show the limited interest of certain witnesses for plaintiff as affecting their credibility. The matter was one which rested largely within the discretion of the court. A full inquiry into that matter might have been very extensive, as the estate was not yet fully administered. There is nothing in the record to indicate that the court abused its discretion in this respect.

Finding no error in the record, the judgment of the court below is affirmed.