No. 29,087.

THE STATE OF KANSAS, *Appellee,* v. ELGIN MCKEE, *Appellant.*

(291 Pac. 950.)

Opinion filed October 11, 1930.

· *R. L. Hamilton,* of Beloit, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *Ralph H. Noah,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was convicted of stealing a hog, and appeals.

1. The defendant complains of an amendment of the information, which, from the judgment, appears to have been made before arraignment and plea. The information, as first filed, charged that the defendant stole a hog, but did not name its owner. The amendment to the information was that after the word "hog" in the information the following words were inserted, "the property of H. A. Murray."

Section 62-808 of the Revised Statutes reads:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave. The information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant. No amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

In *State v. Moberly,* 90 Kan. 837, 136 Pac. 324, the law was declared to be that—

"A conviction for robbery will not be set aside merely because an amendment to the information, setting out the ownership of the property taken, was allowed after the defendant had pleaded to an original information in which such allegation was omitted." (Syl. ¶ 1.)

There was no error in permitting the amendment.

2. The defendant argues that the information on which he was convicted was insufficient because it was indefinite, uncertain, and did not charge an offense. The information, after being amended, charged—

"That on the 14th day of December, 1928, in said county of Mitchell and state of Kansas, one Elgin McKee did then and there unlawfully, feloniously and willfully, take, steal and carry away one hog, the property of H. A. Murray, with intent to deprive the owner permanently of the possession thereof."

No reason is given for the information being defective in any particular except as stated. The court is unable to find any defect in it.

3. At the close of the trial statement by the prosecution the defendant demurred thereto. That demurrer was overruled. Of that the defendant complains. The trial statement did not recite any fact which showed that the defendant was not guilty, or that there existed any bar to his prosecution. It was not error to overrule the demurrer of the defendant to the trial statement of the plaintiff.

4. The defendant complains of the admission of evidence on behalf of the plaintiff. The evidence complained of consisted of red hog bristles found in a Ford coupé out of which, the evidence tended to prove, the defendant had lifted a red hog weighing 275

pounds which he sold to a purchaser at Glasco, Kan., on the day after the hog alleged to have been stolen was last seen by its owner. The bristles had been found in the automobile about two months after the hog had been taken out of it. The evidence tended to prove that H. A. Murray had lost a red hog and that the bristles found in the car were of the same colors as those on the hog which had been lost. The evidence was admissible; its probative force was for the jury.

5. A witness who testified to the good reputation of the defendant was cross-examined concerning complaints that he might have heard against the defendant prior to the time of his examination. The defendant complains of that cross-examination.

In *State v. McDonald*, 57 Kan. 537, 46 Pac. 966, this court said:

"As the general reputation of any person is established by the opinions of witnesses as to the general estimation of his character, it is allowable to call their attention to reports inconsistent with such good reputation, and thus to weaken or qualify the testimony of such witnesses." (p. 539.)

Under this rule the cross-examination does not warrant a reversal of the judgment.

6. Some of the witnesses for the defendant were cross-examined concerning their relations with him and concerning the interest they had taken in the matter of his defense by way of furnishing bond for his appearance and of advancing attorneys' fees in his behalf.

*State v. Collins*, 33 Kan. 77, 5 Pac. 368, declared the law to be that—

"Great latitude should be allowed on the cross-examination of a witness where it is claimed that his testimony is affected by the friendship or enmity he has towards either party in the action; and as a general rule the party against whom a witness is produced has a right to show everything which may in the slightest degree affect his credibility." (Syl. ¶ 1.)

See, also, *Bassett v. Glass*, 65 Kan. 500, 68 Pac. 1089; *State v. Allen*, 98 Kan. 778, 784, 160 Pac. 795; *Rowley v. Cosens*, 125 Kan. 431, 264 Pac. 1036.

7. At the conclusion of the evidence for the plaintiff the defendant demurred thereto. That demurrer was overruled. Besides the evidence that has been outlined, there was evidence which tended to prove that H. A. Murray, on the 12th day of December, 1928, lost a red hog weighing about 275 pounds, by its straying away from his premises; that on the 13th day of December, 1928, the defendant took a red hog of that weight to Glasco, Kan., and

sold it to J. A. Rogers; that the hog, when it was taken to Glasco, was tied with ropes and was in a Ford coupé; and that Rogers recognized the defendant as being the person from whom he bought the hog. The defendant denied taking a hog to Glasco. It was not error to overrule the demurrer to the evidence.

8. One defense was an alibi. The defendant complains of the instructions of the court concerning that defense. The court instructed the jury that—

"One of the defenses introduced by the defendant in this case is what is commonly known as an 'alibi'; that is, that the defendant was at another place than where the larceny was committed at the time it was committed. You should take this evidence into consideration, with all the other evidence in the case, and if, after a full consideration of all the evidence, you entertain a reasonable doubt as to whether or not the defendant was at the place where the larceny was committed at the time it was committed, if in fact a larceny has been committed, you should find the defendant not guilty. . . .

"The essential elements of the offense charged against the defendant in this case are: (a) that the hog described in the information was stolen; (b) that said larceny occurred in Mitchell county, Kansas; (c) that said larceny occurred on the 13th day of December, or immediately prior thereto; (d) that the hog in question was the property of H. A. Murray; (e) that the defendant committed said larceny."

The defendant points out that part of the instruction which referred to the larceny having been committed on the 13th day of December, or immediately prior thereto, and claims it was error to give it. That expression occurred in one other instruction. It is a well-established principle of law in this state that the exact time of the commission of an offense need not be proved so long as the prosecution is not barred by a statute of limitations. An alibi is a good defense; but an alibi must be shown to have existed at the time the offense was committed. An offense committed on one day and evidence to show that the defendant was not present on another day does not constitute a defense. The instruction of the court was specific as to when and under what circumstances an alibi would constitute a defense. The instructions fully and correctly presented that defense to the jury.

The questions that have been considered were presented to the trial court by a motion in arrest of judgment and by a motion for a new trial. Other questions are argued in the brief of the defendant. Each has been examined. No error is shown by the record presented to this court.

The judgment is affirmed.