No. 29,904.

THE STATE OF KANSAS, *Appellee*, v. AUGUSTA SMITH, *Appellant*.

(299 Pac. 637.)

Opinion filed June 6, 1931.

*Harry Warren* and *James G. Sheppard,* both of Fort Scott, for the appellant.

*Roland Boynton,* attorney-general, and *Frank O'Brien,* county attorney, for the appellee; *Ernest E. Blincoe,* of Fort Scott, of counsel.

The opinion of the court was delivered by

HARVEY, J.: Augusta Smith was found guilty of keeping a house of prostitution in violation of R. S. 21-938. She has appealed and contends that the evidence was insufficient to sustain the verdict. We deem it unnecessary to incorporate the evidence in this opinion. We have examined it and find an abundance to sustain the verdict.

Appellant contends that the court unduly restricted the cross-examination of some of the state's witnesses. After testifying to the immoral conduct and appellant's connection with maintaining the place, and the fact that men frequently visited the place for immoral purposes, some of the witnesses objected to giving the names of the men. The court did not require them to do so. That was a matter within the sound discretion of the trial court, and under the circumstances disclosed by the record we find no error in the ruling.

Appellant contends that incompetent, prejudicial evidence was received over her objection. Appellant and one Itha Moore were jointly charged with maintaining the place. There was evidence that both of them actively participated in conducting the place and divided the proceeds on an equal basis. The evidence objected to was the conduct of Itha Moore at a time when the appellant was not present. In view of the fact that the two were jointly charged,

and there was evidence of their concerted interest in maintaining the premises, there was no error in the ruling.

Finally, appellant argues that the testimony of some of the state's witnesses should not have been given credence because of their obvious bias and prejudice against appellant. The weight to be given to the testimony of the witnesses was for the jury and the trial court.

There is no error in the record, and the judgment of the court below is affirmed.