No. 44,977

STATE OF KANSAS, *Appellant*, v. THOMAS M. KIDWELL, *Appellee*.

(434 P. 2d 316)

Opinion filed November 13, 1967.

*Robert D. Hecht*, County Attorney, argued the cause and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellant.

*Ernest J. Rice*, of Topeka, argued the cause and *Arthur E. Palmer*, of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is by the state from an order granting a new trial following defendant's conviction of first degree murder.

After verdict of guilty Thomas M. Kidwell filed a motion for new trial alleging nine grounds of error. All but two of these grounds were overruled. The two remaining were:

"1. For the reason that the verdict is not sustained by sufficient evidence."

"3. That the County Attorney was guilty of misconduct which prevented the Defendant from having a fair trial as follows, to-wit: The County Attorney, by his own statement before the Jury, stated that the Defendant had been charged with a crime in Sedgwick County, Kansas, that the Defendant had

resisted extradition from California, when, in truth, the Defendant had never taken the stand, the Defendant has never been convicted of any crimes, and the County Attorney did not, by witnesses, offer evidence to rebut the Defendant's good character."

The motion was argued and taken under advisement. Pertinent portions of the order read:

"This is a ruling on defendant's motion for a new trial.

"The defendant in a criminal case is entitled to one fair trial. Defendant Kidwell did not get one. His motion is sustained and he is granted a new trial.

"Statements about criminal 'charges' against the defendant in another case were injected into this case leaving the jury with the unfair and prejudicial inference that Kidwell was an ex-convict. The matter was never verified or clarified.

"The county attorney asked Jean Moffitt, a character witness, if her opinion of the defendant's good reputation would be different if she knew that he had been 'charged' with a criminal offense and that he had resisted return from California to answer charges in Sedgwick County, Kansas. The county attorney justified these questions on the basis that the defendant had put his character in issue by putting a character witness on the stand. It is correct that character then became an issue and could be refuted with proper evidence.

"The county attorney insists that the questions were for the purpose of testing the credibility of the witness. This sounds legal, but the fact remains that the county attorney suggested by his own questions that the defendant had a criminal record and had resisted extradition from California to answer charges in Sedgwick County, Kansas. These questions assumed facts not in evidence and never put in evidence.

"Hardly could anything have been more prejudicial to the defendant. It is all the more unfair if it is true, as defense counsel contends, that the defendant had never been convicted of any wrong doings.

"These were references to specific incidents or conduct which the county attorney inferred were criminal, they were not convictions. These references probably did as much damage as if they had been convictions."

We note that the trial court in giving the basis for granting a new trial did not discuss insufficiency of the evidence.

On appeal the state argues that the scope of the cross-examination of the character witness was within proper bounds and it was manifest error to grant a new trial.

The defendant contends the cross-examination was improper under the provisions of K. S. A. 60-447. Defendant further contends that this appeal falls within the cases in which this court has said granting of a new trial lies within the sound discretion of the trial court and its ruling will not be disturbed in the absence of a showing of an abuse of discretion or other manifest error.

The abstract of appellant sets out the testimony of Jean Moffitt, a witness for defendant. She testified that the defendant had a

very good reputation in her community. On cross-examination the county attorney inquired as follows:

"Q. Thank you, Your Honor. Mrs. Moffitt arriving at your opinion as to the defendant's reputation and character, did you consider the fact that he was charged with a crime in Sedgwick County, Kansas?

"A. The crime?

"Q. Did you consider that fact?

"A. Yes, sir.

"Q. And in arriving at your opinion as to the defendant's character and reputation, Mrs. Moffitt, did you consider his efforts to resist being returned from the State of California to the State of Kansas for the prosecution of that crime?

"MR. THOMPSON: Objection, Your Honor.

. . . . . . . . . . . . . .

"THE COURT: Overruled.

. . . . . . . . . . . . . .

"Q. Mrs. Moffitt, do you know whether or not the defendant, Mr. Kidwell, returned to the County of Sedgwick, State of Kansas, at the time he was supposed to appear in court there on the charges there pending?

"A. I'm afraid I don't understand you, sir.

"Q. You are aware, are you not, that Mr. Kidwell was accused of a crime in Sedgwick County, Kansas?

"A. Are you referring to the wife desertion?

"Q. Yes or no. Were you aware that he was charged with a crime in Sedgwick County, Kansas?

"A. Yes, sir.

"Q. And do you know whether or not he appeared in court in Sedgwick County, Kansas, on that charge when he was supposed to?

"A. Of my own knowledge, no, sir, I don't know.

"Q. Were you on his bond?

"A. No, I wasn't on his bond.

"Q. Were you or your husband, or agent, or principal, on his bond?

"A. My husband was on the bond in Wichita. Is that what you are referring to?

"Q. Yes. And did Mr. Kidwell in that case appear for trial or in court when he was supposed to?

"MR. THOMPSON: I'm going to object here, Judge. Her husband wrote the bond. She wasn't in the business at that time.

"THE COURT: Overruled. Go on and answer the question.

"THE WITNESS: He didn't appear because he was in jail up here, sir."

When a defendant in criminal proceedings calls a witness to testify to his good reputation in the community he does so in an effort to convince the jury that it is improbable that a person of such reputation would be guilty of the crime charged. In such case the prosecution is entitled to cross-examine the character witness as to knowledge of certain specific reports of misdeeds by defendant for

the purpose of testing the reliability of the testimony as to the reputation of defendant. This is not permitted to establish the truth of the reports. It is permitted only to determine if the witness is in a position to know and evaluate the defendant's general reputation and to point out bias or prejudice of the witness. (*State v. McDonald*, 57 Kan. 537, 46 Pac. 966; *State v. Yeater*, 95 Kan. 247, 147 Pac. 1114; *State v. McKee*, 131 Kan. 263, 291 Pac. 950; *State v. Earley*, 192 Kan. 144, 386 P. 2d 221; Wharton's Criminal Evidence, 12th Ed. Vol. 3, §865.)

The provisions of K. S. A. 60-447 do not limit cross-examination of a character witness as defendant suggests. The purpose of inquiry as to known reports, arrests or convictions is limited to testing the credibility, bias or prejudice of the witness. In such case the evidence is not for the purpose of proving conduct of the defendant. It is not for the purpose of proving a trait of defendant's character. The inquiry is permitted solely for the purpose of enabling the jury to determine what weight should be given to the testimony. Reputation is the issue, not conduct, not guilt or innocence. Therefore the limitations on evidence imposed by the above statute do not apply in the present case. (See Gard—Kansas Code of Civil Procedure §447; Vernon's Kansas Statutes Annotated Vol. 4, §60-447.)

We note that the state by cross-examination did not attempt to determine this witness' knowledge as to a particular known report or charge. The first question referred to a charge of "crime" in Sedgwick county. When the witness asked "what crime" no further explanation was forthcoming. Later when the witness asked the county attorney if he was referring to "wife desertion" the county attorney again failed to point out the certain specific charge about which he inquired. The redirect examination by defense counsel sheds no light upon this matter. It is true the witness assumed to know the crime referred to by the attorney. She stated she was aware the defendant was charged with a "crime." Such a general question and answer would not be helpful to a jury in determining credibility, bias or prejudice.

When evidence is introduced for a limited purpose the trial court should explain the limitation to the jury and limit its application to that purpose. (*Griffith v. Railroad Co.*, 100 Kan. 500, 166 Pac. 467; See also 53 Am. Jur. Trial §670; K. S. A. 60-406; PIK 2.40.)

The abstract furnished by appellant does not indicate that this limitation was properly explained to the jury. The purpose of the

inquiry is to determine whether the character witness is in a position to know and evaluate the defendant's reputation in the community. The jury should have been advised of this limitation. The instructions to the jury are not included in the abstract.

The ruling on defendant's motion for new trial clearly indicates that the trial court felt quite strongly that defendant did not have a fair trial because the jury was left "with the unfair and prejudicial inference that Kidwell was an ex-convict."

This court has followed the rule that the granting of a motion for new trial lies within the sound discretion of the trial court and its ruling thereon will not be disturbed in the absence of a showing of an abuse of discretion or other manifest error. (*State v. Jolly,* 196 Kan. 56, 62, 410 P. 2d 267; *State v. Clark,* 171 Kan. 734, 237 P. 2d 255; *State v. Miller,* 154 Kan. 267, 118 P. 2d 561.)

In the present case the question of abstract law on the propriety of cross-examination of the character witness is discernible, but the question of manifest error is not so readily discernible from this printed record. The trial court expressed its opinion that the jury was left with an unfair and prejudicial inference that the defendant was an ex-convict. The specific reason behind the trial court's opinion is not clear from the record. It may have been because of what it believed to be improper questions on cross-examination of the witness. It may have been because of the court's failure to require the particular report, arrest or conviction to be identified with sufficient certainty to enable the cross-examination to proceed. It may have been because of failure to make clear to the jury the limited purpose for which such examination was permitted. Under these circumstances we cannot say that error was manifest.

For the foregoing reasons no abuse of discretion or other manifest error has been made to appear and the order granting defendant a new trial is affirmed.