No. 44,969

State of Kansas, *Appellee*, v. Jerry Jerrel, *Appellant*.

(436 P. 2d 973)

Opinion filed January 27, 1968.

*Russell Shultz,* of Wichita, argued the cause, and *Larry Kirby,* of Wichita, and *William J. Walsh,* of Concordia, were with him on the brief for the appellant.

*Kenneth E. Peery,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: The defendant Jerry Jerrel was convicted of possessing burglary tools in violation of K. S. A. 21-2437, he was sentenced under K. S. A. 21-107a as an habitual criminal, and he has appealed.

Jerry Jerrel and two companions, David Walter Hart and Neil N. Hart, were charged jointly. They demanded and received separate trials. The trial of David Walter Hart resulted in a conviction and his conviction was affirmed by this court in *State v. Hart,* 200 Kan. 153, 434 P. 2d 999.

In summary the state's evidence in the trial of Jerry Jerrel indicated that on February 12, 1966, between 10:00 and 11:00 a. m. three men pushed a 1965 model, gunmetal blue Pontiac automobile

into a parking lot maintained by Boogaart's Super Market in Concordia, Kansas. The men left the car and proceeded in the direction of the supermarket. This car was registered in the name of David Hart and bore a Montana license.

This same morning between 10:00 and 11:00 a. m. three men entered the supermarket. Each took separate aisles and made a tour of the store. One of these men was identified as David Walter Hart. The three men left the store together.

The Everitt Hardware Store in Concordia is located one block north and a block and a half east of Boogaart's Super Market. Boyd's Oil Station is located a half block east and one block south of the hardware store. The oil station is two blocks east of Boogaart's parking lot.

At approximately 11:30 a. m. of this same day two peace officers saw Jerry Jerrel, David Hart and Neil Hart walking through the driveway of Boyd's Oil Station. They were coming from the direction of the hardware store and were headed in the direction of Boogaart's parking lot. David Hart was observed to be keeping his left hand in the pocket of his topcoat and holding his right hand inside the front of the coat in the area of his left shoulder in such a manner as to indicate he was carrying some object underneath his topcoat. The three men saw the officers.

The two officers watched the trio as they proceeded west. David Hart left the group and walked up a driveway between two houses. He rejoined his companions a few moments later and the officers noticed that Hart was then carrying his arms at his sides in a normal manner. As the three men continued west the officers drove to the driveway where Hart had temporarily separated himself from the others. One of the officers got out of the car and walked up the driveway about forty feet where he found a new sledge hammer lying in some bushes between the two houses. The sledge hammer bore cost and sale price marks which were identified later as the markings used by the Everitt Hardware Store.

Upon finding the hammer the officers drove after the men, overtaking and stopping them a block or so away. The officers asked the three men for identification. David Hart produced a Montana draft card. Neil Hart showed a Montana driver's license. The defendant had no identification but said his name was Jerry Jordan. Later his name was found to be Jerry Jerrel. At this time officer Shepherd saw a tool with green handles protruding from the pocket

of Jerry Jerrel, alias Jerry Jordan. The men disclaimed knowledge of the sledge hammer, refused to answer questions about it, and kept asking the officers if they had a warrant for their arrest.

The men were asked to accompany the officers to the police station to talk about the sledge hammer, they refused and jerked away when the officers attempted to take hold of their arms. The three were placed under arrest and taken to the police station. They were found to have over $1500 in currency on their persons. The defendant was carrying a metal cutter or tin snips in his pocket. David Hart and Neil Hart were carrying separate sets of car keys which were later found to unlock the 1965 blue Pontiac automobile bearing Montana license parked at Boogaart's parking lot.

That afternoon after phoning certain Montana law enforcement officers, the sheriff secured a search warrant for the car to look for burglary tools. The search of the car turned up a variety of articles including a lockpick, a probe or feeler gauge, crowbars, assorted pliers and screwdrivers, a high speed hacksaw blade, a punch, a chisel, prying tools, flashlights, two walkie talkie radios with obliterated serial numbers, a gas can, a canvas bag, rifle and shotgun shells, and a briefcase containing a money sack with $329.49 in loose change. In addition to the money the briefcase contained the walkie talkie radios, a gas can spout, the pair of pliers and the screwdriver. The officers found $178.00 in currency in an armrest of the car. There were no suitcases in the car but the officers did find a wide assortment of clothing such as gloves, socks, boots, trousers, coats and caps.

The defendant on appeal contends that K. S. A. 21-2437 is unconstitutional as being unreasonably vague and indefinite. The identical question was raised in *State v. Hart,* supra, and defendant in his brief acknowledges that his present contention may be decided in the Hart case.

In *Hart* (opinion filed December 9, 1967) Justice Fontron carefully examined the provisions of K. S. A. 21-2437, relating to the crime of possessing burglary tools, and speaking for this court in a unanimous decision upheld the constitutionality of the statute. The statute as construed requires an intent to employ the tools in burglarious activities. The wording of the statute is held to convey a sufficiently definite warning as to the conduct prohibited, when measured by common understanding and practice. The statute is not invalid as being uncertain and vague or as being otherwise

unconstitutional. For supporting citations we recommend the opinion in *State v. Hart,* supra. It is controlling here.

The defendant next contends it was error for the trial court to admit into evidence the sledge hammer recovered from the bushes between the houses. He argues that although by inference David Hart may have been carrying it, custody or possession of the hammer by David Hart is not sufficient to connect the defendant.

What was said in *State v. Hart,* supra, regarding the cutting tool is applicable here as to the sledge hammer. At page 161 of the opinion it was said:

> "If it be objected that the cutting tool was in the possession of Jerrel, not Hart, and was thus inadmissible against Hart, we would answer that we understand the law to be that, for the purpose of this statute, possession of burglary equipment may be joint as well as individual, and that two or more persons may have the power of control over burglary tools and intend to control and use them jointly, so that all become criminally liable. (12 C. J. S., Burglary, § 69, p. 754.) Nor is ownership of the proscribed instruments a requisite of the offense; possession or power of control is the criterion. (12 C. J. S., *supra,* p. 755.)"

In this case the three defendants were jointly charged with possessing burglary tools. There was evidence of their concerted action throughout the period of time from their arrival at the Boogaart parking lot until they were eventually arrested. During this period they remained together after making an inspection tour of the supermarket. They acted jointly and in concert. Although the evidence of custody or possession of the sledge hammer by David Hart was circumstantial it would be relevant in the trial against his codefendant. (*State v. Smith,* 133 Kan. 253, 299 Pac. 637.)

Defendant next maintains that the metal cutter with green handles taken from his coat pocket was inadmissible in evidence because it was obtained by an illegal arrest for a misdemeanor without a necessary warrant. The contention is based upon the assumption the arrest was made for stealing the hammer priced at $8.25. The contention is based upon a false premise. The abstract of the record contains a copy of the original complaint filed against the defendant on which a warrant was issued February 14. The complaint and all subsequent proceedings relate to a felony charge based upon possessing burglary tools. The search warrant granting authority to search the car for additional burglary tools was issued at 4:30 p. m. on February 12, 1966. This was the afternoon of the day on which the original arrest was made. Such action was

consistent with, and supported the officers' testimony. The search warrant was to enable the officers to seek evidence to support such a charge. The testimony of officer Shepherd was that the initial arrest was made for possessing burglary tools.

The metal cutter was obtained from the defendant's person at the police station after the three men were arrested upon probable cause for possessing burglary tools. We believe the officers were legally justified in acting as they did. The search was incident to a lawful arrest. Facts and circumstances known to the officers warranted the belief by a prudent man that a felony was committed at or before the arrest. The action of the officers in taking the metal cutter was proper under the rules heretofore set forth in *State v. Hunt*, 198 Kan. 222, 424 P. 2d 571; *State v. Brown*, 198 Kan. 473, 426 P. 2d 129; *State v. Hart*, supra, and the metal cutter was properly admitted in evidence.

The defendant urges it was error for the trial court to admit items of physical evidence removed from the automobile owned by David Hart since no direct evidence was introduced to prove the defendant had ever had access to the car or a right to custody of the contents.

What has been said in this opinion regarding the joint possession and custody of the sledge hammer is equally applicable to the contents of the car which had been and was being used by the three companions who were later charged jointly with possessing burglary tools. It is true David Hart had one set of car keys, Neil Hart had a second set of keys and at the time of defendant's arrest he was not in physical possession of keys which would unlock the car. However, from the direct and circumstantial evidence presented at the trial it may reasonably be determined that all three men were using the car in concert for their joint purposes while in Concordia. A jury might reasonably determine they were acquiring the sledge hammer, the metal cutter, and had previously acquired the burglary tools in the automobile for burglarious purposes evidenced by their inspection of Boogaart's Super Market and their furtive disposal of the sledge hammer after viewing the officers. No rebuttal evidence was offered.

Possession or custody of burglary tools may be joint as well as several and where the guilty intent of several is manifest by their concerted actions it becomes a joint offense. Custody of the proscribed burglary tools by one for himself and others may be considered under these circumstances as the joint and several possession

and custody of each member of the group participating. (13 Am. Jur. 2d, Burglary § 75; 12 C. J. S. Burglary, § 69, p. 754; *State v. Hart,* supra.)

The defendant Jerrel, under the facts and circumstances of this case, could properly be convicted of having custody of burglary tools located in a car owned by a codefendant even though he did not have physical possession of the keys to this car at the time of his arrest. Sufficient foundation appears in the evidence to justify admission of the physical evidence removed from the car. We have examined the cases cited by appellant and they do not conflict with what has been said of the law governing our decision on this point. No useful purpose would be served by distinguishing those cases on the facts.

The appellant-defendant contends the trial court erred in giving certain instructions to the jury.

His first objection is made to Instruction No. 1 which relates to evidence of a prior conviction introduced by the state to prove intent to possess the tools for a burglarious purpose. The prior conviction was for an attempted larceny of a promissory note by breaking into a storage container. The instruction given follows closely the wording of the instruction approved in *State v. Wright,* 194 Kan. 271, 276, 398 P. 2d 339. The giving of such an instruction is contemplated by the provisions of K. S. A. 60-406. (See *State v. Kidwell,* 199 Kan. 752, 434 P. 2d 316.)

However, the real thrust of appellant's objection to the instruction is directed toward the admissibility in evidence of the prior conviction rather than the form or substance of the instruction. An element of the present offense is an intent to possess the burglary tools for burglarious purpose or use. Evidence of an intent to steal is relevant and material to the issue of whether or not the burglary tools were possessed with the intent that they be used for a burglarious purpose. Such evidence designed to prove *quo animo* the offense was committed by the accused is generally relevant and admissible for such limited purpose. (*Jones' Commentaries on Evidence* [2nd Edition] Vol. 2, p. 1172, § 632; K. S. A. 60-455.)

Proof of an intent and tendency to steal is relevant and material to the issue of whether burglary tools were possessed with the intent that they be used for burglarious purpose. (*State v. Medley,* 360 Mo. 1032, 232 S. W. 2d 519.)

Therefore, evidence of this prior conviction was properly admitted for this limited purpose and the instruction limiting its purpose properly set forth the law governing its relevance.

Error is urged by appellant based upon the wording of instruction No. 7, which defined the term custody as applied to custody of burglary tools in K. S. A. 21-2437, and of Instruction No. 11, which informed the jury an intent to use for burglarious purposes was essential to a violation of the statute. Although the isolated portions of these two instructions which are questioned by appellant may have been more precisely framed the instructions taken as a whole appear to adequately cover the law of the case. It would be difficult to frame every instruction in such a form as to preclude all questions relating to portions thereof taken out of context. Instructions to a jury are to be considered as a whole and in their entirety, and each instruction is to be considered in connection with all other instructions in the case. (*Schroeder v. Richardson,* 196 Kan. 363, 411 P. 2d 670; *Thompson v. Norman,* 198 Kan. 436, 424 P. 2d 593.) Taken in this light we find nothing wrong with these particular instructions.

The remaining specifications of error by appellant have been considered and a careful examination of the record indicates that the verdict was supported by sufficient competent evidence and the motion for new trial was properly overruled.

The judgment is affirmed.